Shannon Doyle, Esq. (SBN 207291)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

Attorney for Secured Creditor,
U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In Re:<br><br>Dayna C Kim and Steve Sangjoon Kim,<br><br>Debtors. | CASE NO.: 6:26-bk-14908-RB<br><br>CHAPTER 13<br><br>**OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL WITH A 180 DAY BAR TO REFILING**<br><br>Hearing<br>Date: September 3, 2026<br>Time: 2:00 p.m.<br>Place: 3420 Twelfth St., Riverside, CA 92501 |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE CHAPTER 13 TRUSTEE, AND OTHER INTERESTED PARTIES:**

Secured Creditor, U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI Trust, its successors and/or assignees, ("**Secured Creditor**") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the proposed Chapter 13 Plan and Request for Dismissal with a 180 Day Bar to Refiling, filed by Steve Sangjoon Kim and Dayna C Kim ("**Debtors**") on June 18, 2026 as Docket Number 5.

Secured Creditor is entitled to receive payments pursuant to a Note ("**Note**"), which is secured by a Deed of Trust ("**DOT**") on the subject property commonly known as 36 Vista Palmero Lake Elsinore, CA 92532 ("**Property**"). Secured Creditor files this Objection to protect its interests.

## I. INTRODUCTION

This is the Debtors' third bankruptcy filing involving the Property, following two prior unsuccessful cases. The objective circumstances surrounding these serial filings demonstrate that the Third Case was not filed in good faith and that the Debtors have failed to establish any material positive change in their financial circumstances that would make the present reorganization more likely to succeed than the prior cases.

The Debtors' financial circumstances have not meaningfully improved. Debtor's reported income remains materially below the income reported in the First Case, which was dismissed for failure to make payments under the confirmed plan, and the Debtors have failed to provide sufficient business records substantiating their current income or demonstrating an ability to fund the proposed Plan. Nothing before the Court establishes that the circumstances that caused the prior cases to fail have been remedied.

Accordingly, the Third Case appears to be a continuation of the Debtors' prior unsuccessful bankruptcy efforts rather than a viable reorganization based upon materially

improved circumstances. The Debtors' serial filings, combined with the absence of any demonstrated change sufficient to support a feasible plan, warrant denial of confirmation and dismissal of the Third Case.

## II. RELEVANT FACTS

### A. <u>LOAN HISTORY</u>

1. On or about February 6, 2023, Steve S. Kim (the "Borrower") executed a promissory note in the principal amount of $496,000.00 ("Note") which was made payable to ST FIN Corp dba Star Financial ("ST FIN"). A copy of the Note is attached hereto as **Exhibit 1**.

2. The performance of the Note is secured by a recorded Deed of Trust ("Deed of Trust") encumbering the Property. A copy of the Deed of Trust is attached hereto as **Exhibit 2**.

3. The Note was subsequently indorsed in blank converting it to a bearer instrument.

4. The Deed of Trust was assigned to Movant. A copy of the chain of Assignments is attached hereto as **Exhibit 3**.

5. On May 19, 2025, Movant recorded a Notice of Default ("NOD") with the Riverside County Recorder . A true and correct copy of the NOD is attached hereto as **Exhibit 4**.

6. On September 19, 2025, Movant recorded a Notice of Sale ("NOS") scheduling the foreclosure Sale for October 21, 2025 ("Sale"). A true and correct copy of the NOD is attached hereto as **Exhibit 5**.

### B. <u>BAD FAITH SCHEME</u>

7. On October 17, 2025, four days before the scheduled foreclosure Sale, Steve Sangjoo Kim and Danya Conception Kim filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court, for the Central District of California,

(the "First Case"). The First Case was dismissed post-confirmation on March 16, 2026 for failure to cure delinquency. (See *In re Steve Sangjoon Kim and Dayna Concepcion Kim*, Case No. 6:25-bk-17472-RB (Bankr. C.D. Cal.)).

8. The October 21, 2025 foreclosure Sale was postponed several times to May 19, 2026.

9. On May 18, 2026, one day before the scheduled foreclosure Sale, Steve Sangjoo Kim filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court, for the Central District of California, (the "Second Case"). The Second Case was dismissed pre-confirmation on May 26, 2026 for failure to file initial petition documents. (See *In re Steve Sangjoon Kim*, Case No. 6:26-bk-13996-RB (Bankr. C.D. Cal.)).

10. The May 19, 2026, foreclosure Sale was postponed to July 7, 2026

11. On June 18, 2026, about a two weeks before the sale date, the Steve Sangjoo Kim and Danya Conception Kim commenced the instant Third Case by filing a petition under Chapter 13 of the Bankruptcy Code.

12 . The July 7, 2026 foreclosure Sale was postponed to August 11, 2026.

## III. LEGAL STANDARD AND ARGUMENT

### A. THE DEBTOR HAS FILED THE INSTANT CHAPTER 13 IN BAD FAITH

Pursuant to 11 U.S.C §1325(a)(3), this Court is required to find that the plan has been proposed in good faith in order to confirm a Plan. Based on the Debtor's history of multiple bankruptcy filings, specifically the Debtors filing two prior consecutive Chapter 13 bankruptcy cases, each strategically filed before a foreclosure sale and then subsequently dismissed for failure to file documents or make payments, Secured Creditor submits that the filing of this case and

plan have not been done in good faith and therefore, the Plan cannot be confirmed.

**1. <u>THERE IS NO MATERIAL CHANGE IN CIRCIMSTANCES</u>**

The Debtors have filed three consecutive cases (Dayna did not join the Second Case but nevertheless received the benefit of the co-debtor stay). All three case were strategically aligned with the foreclosure sale. The First and Second Cases were both dismissed.

The circumstances surrounding the Third Case demonstrate that there has been no material change in the Debtors' financial circumstances sufficient to support a good-faith reorganization.

Debtor Steve Sangjoo Kim ("Steve") is self-employed, while Debtor Danya Conception Kim ("Dayne") is a housewife. In the First Case, Steve reported estimated net monthly business income of $16,528.40 [Dkt. No. 15, Pg 35]. Despite that income, the First Case was dismissed for failure to make the required payments under the confirmed plan.

In the Second Case, Steve reported reduced net monthly business income of $12,000.00 but failed to provide the business reports necessary to substantiate that figure [Dkt. No. 15, Pg 20].

In the Third Case, Steve now reports net monthly business income of $12,500.00—only a marginal increase from the Second Case and approximately $4,000.00 less than the income reported in the First Case. Yet again, Steve has failed to provide business reports or other documentation substantiating his income, identifying his business expenses, or establishing whether sufficient funds are being reserved for income tax obligations [Dkt. No. 1, Pg 27].

Thus, nothing in the Third Case demonstrates a meaningful improvement in the Debtors' financial circumstances since the prior unsuccessful cases. To the contrary, Steve's reported income remains materially below the income reported in the First Case, which was itself insufficient to sustain the confirmed plan.

Accordingly, the objective circumstances surrounding these serial filings independently support a finding that the Third Case was not filed in good faith. The Debtors have failed to demonstrate any material positive change in their financial circumstances that would make the Third Case more likely to succeed than the prior cases.

**2. <u>THE PLAN IS NOT FEASIBLE</u>**

The proposed Plan is also facially infeasible. During the course of the Debtors' serial filings, the arrearages owed to Secured Creditor have ballooned to $179,470.50, requiring monthly Plan payments of approximately $2,992.00 to Secured Creditor alone. Yet, the Debtors report disposable income of only $2,831.00 per month—and even that figure is questionable given the lack of supporting business records substantiating Steve's self-employment income. Thus, the Debtors' reported disposable income is insufficient to fund even the monthly payment required to cure Secured Creditor's arrearages, before accounting for Trustee fees, payments to other creditors, or any other obligations under the Plan. Accordingly, the proposed Plan is not feasible and cannot satisfy the requirements for confirmation under 11 U.S.C. § 1325(a)(6).

**B. <u>THERE IS CAUSE FOR DISMISSAL PURSUANT TO 11 U.S.C. §1307(C) BASED ON THE DEBTOR'S BAD FAITH</u>**

11 U.S.C. §1307 (c) of the Bankruptcy Code provides that the Court may dismiss a chapter 13 case for cause if dismissal is in the best interests of the creditors and the estate. Although bad faith is not one of the enumerated grounds in subsection (c), it is well established in the Ninth Circuit that bad faith in a chapter 13 case constitutes cause for dismissal. *In re Padilla*, 222 F.3d 1184, 1192-93 (9th Cir. 2000) ("[U]under the . . . Chapter 13 provisions we have held that bad faith does provide "cause "to dismiss . . . Chapter 13 bankruptcy petitions."),citing *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) ("Although not specifically listed, bad faith is a "cause" for

dismissal under § 1307(c).")); *In re Eisen*, 14 F. 3d 469, 470 (9th Cir. 1994) ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. 1307(c).").

In determining whether the debtor has acted in bad faith, a bankruptcy court should consider the following factors: (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner"; (2) "the debtor's history of filings and dismissals"; (3) whether "the debtor only intended to defeat state court litigation"; and (4) whether egregious behavior is present. *Leavitt v. Soto (In re Leavitt),*171 F.3d 1219, 1224 (9th Cir.1999) (citations omitted).

Here, the totality of the circumstances supports dismissal for cause under 11 U.S.C. § 1307(c). This is the Debtors' third bankruptcy filing involving the Property,. The First Case was dismissed after the Debtors failed to make payments required under a confirmed plan. Steve subsequently filed the Second Case reporting substantially reduced business income and without providing business reports sufficient to substantiate that income. The Debtors have now commenced the Third Case under substantially the same, if not worse, financial circumstances. Steve reports net monthly business income of only $12,500.00, approximately $4,000.00 less than the income reported in the First Case, while again failing to provide business records substantiating his income and expenses.

Meanwhile, Secured Creditor's arrearages have increased to $179,470.50, requiring a monthly Plan payment of approximately $2,992.00 to Secured Creditor alone, while the Debtors report only $2,831.00 in monthly disposable income. Thus, the Debtors' own schedules demonstrate that they lack sufficient disposable income to fund even the cure payment owed to Secured Creditor, before accounting for Trustee fees and other Plan obligations. The Debtors' repeated filings and dismissals, the continuing increase in Secured Creditor's arrearages, the

absence of any meaningful change in circumstances, the lack of documentation supporting Steve's claimed income, and the proposal of a Plan that is facially infeasible collectively demonstrate that the Third Case is not a legitimate effort to reorganize. Rather, these objective circumstances support a finding of bad faith and constitute cause for dismissal under § 1307(c).

**C. <u>DISMISSAL WITH A BAR TO REFILING FOR 180 DAYS IS WARRANTED TO PREVENT FURTHER ABUSE UNDER 11 U.S.C. §105</u>**

Pursuant to §105 of the Bankruptcy Code, this Court has the authority
to prohibit the Debtor from re-filing another bankruptcy case for a prescribed period of time to prevent them from further engaging in continuous abuse of the bankruptcy process. Section 105(a) provides in pertinent part:

> "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title. . . shall be construed to preclude the_court from, sua sponte, taking any action or making any determination necessary or appropriate to…prevent abuse of process."

In *In re Rainbow Magazine, Inc*., 77 F. 3d 278, 284 (9th Cir. 1996), the Ninth Circuit recognized that in enacting section 105(a), Congress statutorily granted the inherent powers of Article III courts to bankruptcy courts. While the issue in *Rainbow Magazine* was whether the bankruptcy court has the authority to assess monetary sanctions against bad faith litigants beyond the scope of rule 9011, the holding in the case is sufficiently broad to encompass any action the Court may take in maintaining the integrity of the system, so long as it is not specifically limited by statute. *Rainbow Magazine*, 77 F. 3d at 284-85, citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991).For example, a finding of bad faith is generally considered sufficient "cause" for the imposition of a bar to re-filing pursuant to § 105 for a period that exceeds 180 days. See *In re Mehlhose*, 469 B.R.

694, 712 (Bankr. E.D. Mich. 2012) (citations omitted);*In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007).

The Court should exercise its inherent powers under §105(a) to bar the Debtor from re-filing any new bankruptcy cases for a period of 180 days, on the basis that:

- Debtors have filed three consecutive chapter 13 bankruptcy cases, each strategically filed before a foreclosure sale;
- Debtor's income has decreased by $4,000.00 since the filing of the First Case;
- In the meantime, Secured Creditor's arrearages have ballooned to $179,470.50, requiring a plan payment of $2,992.00 to Secured Creditor alone, while Debtor's questionable reported disposable income is only $2,831.00;
- The current filing is part of a scheme to delay and obstruct pending foreclosure proceedings on the Property.

**CONCLUSION**

For the foregoing reasons, Secured Creditor respectfully requests that the Court deny confirmation of the proposed Plan and dismiss this Chapter 13 case for cause pursuant to 11 U.S.C. § 1307(c). The Debtors' history of unsuccessful filings, lack of any material positive change in circumstances, and inability to propose a feasible plan demonstrate that the present case and Plan cannot proceed in good faith.

**WHEREFORE**, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. The case be dismissed with a 180 day bar to refiling; and
3. For such other relief as this Court deems proper.

Dated: GHIDOTTI | BERGER LLP

/s/Shannon Doyle, Esq.
Shannon Doyle, SBN 207291
Counsel for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Ghidotti | Berger LLP 1920 Old Tustin Avenue, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): OBJECTIONS TO PROPOSED CHAPTER 13 AND REQUEST FOR DISMISSAL WITH A 180 DAY BAR TO REFILING

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor(s): Charles Shamash, cs@locs.com
Chapter 7 Trustee: Wesley H Avery (TR), wes@averytrustee.com
Toan B. Chung/Chapter 7 Trustee's attorney, tbchung@rpmlaw.com
U.S. Trustee: United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/24/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor(s): Dayna C Kim 36 Vista Palermo Lake Elsinore, CA 92532

Debtor(s): Steve Sangjoon Kim 36 Vista Palermo Lake Elsinore, CA 92532

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/24/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Joaquin Rene Nolet, joaquinnolet@gmail.com

Rod Danielson (TR), notice-efile@rodan13.com

United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/24/2026 | Taylor Hargrove | /s/ Taylor Hargrove |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |